IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY WAYNE JOHNSON, #17065210, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:18-CV-0468-M-BK |
| § | |
| JOHN THOMAS, Officer, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. On February 27, 2018, Plaintiff, proceeding *pro se*, filed a *Complaint for Violation of Civil Rights*. Doc. 3. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be summarily **DISMISSED**.

**I. BACKGROUND**

This civil action arises out of the events surrounding Plaintiff's arrest and pending state prosecution for theft of property. *See State v. Johnson*, No. F17-35292 (194th Jud. Dist. Court, Dallas Cty., Texas).[1] Plaintiff is represented by appointed counsel and is a pretrial detainee in the Dallas County Jail, awaiting evaluation to determine if he is competent to stand trial.

From what the Court can glean from the complaint, Plaintiff alleges that he was wrongfully arrested and charged in violation of his constitutional rights. Doc. 3 at 8. Specifically, Plaintiff claims that Defendant John Thomas, an Irving police officer, lacked

---

[1] The docket sheet and the indictment are available on the Dallas County website at http://courtecom.dallascounty.org/publicaccess/ (last accessed March 27, 2018)

probable cause to stop him and arrest him on December 17, 2017.  Doc. 3 at 5-6.  He claims that, shortly after he was booked, he saw Officer Thomas leave the Irving Police Department with a "black walls jacket" that Plaintiff had been wearing when he was arrested.  Doc. 3 at 6-7.  Plaintiff requests "dismissal of [the] indictment and to be released from all penalties and charges" stemming from the pending criminal proceeding.  Doc. 3 at 8.  He also requests that all property taken from him be returned.  *Id.*

## II. ANALYSIS

### A.  Pending State Criminal Prosecution

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  As is relevant here, the *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions pending at the time a federal action is instituted.  *Younger v. Harris,* 401 U.S. 37, 41 (1971).  For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges.  *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The *Younger* abstention requirements are met in this case where Plaintiff seeks to enjoin a pending state criminal proceeding against him – "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam); *see*

*also ODonnell v. Harris Cty.*, Tex., 882 F.3d 528, 538 (5th Cir. 2018) (*Younger* was motivated by notions of equity, comity, and Federalism) (quoted case omitted).  As noted, the criminal proceeding is on-going; moreover, the state has an important interest in prosecuting violations of its criminal laws.  *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff.").  In addition, Plaintiff has the opportunity to raise his constitutional challenges related to his initial stop and arrest in the state trial court, where he also is represented by counsel.  Finally, this case does not fall within the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted.  *See Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

In sum, because Plaintiff has failed to show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising jurisdiction over this case, where he seeks to enjoin the actions in his pending state criminal case and requests the return of property seized at the time of his arrest.

### B.  Loss of Property Claim

Insofar as Plaintiff complains about the taking of his black jacket during booking, his claim should be dismissed with prejudice as legally frivolous.  Doc. 3 at 6-7.  A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e)(2)(B) (providing for *sua sponte* dismissal of a complaint that is frivolous, malicious, or fails to state a claim).

3

Whether intentional or negligent, the "random and unauthorized" deprivation of property neither violates the Constitution nor states a claim under 42 U.S.C. § 1983 when adequate state post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas law provides adequate state post-deprivation remedies, including an action for the Texas tort of conversion. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994)). Because Plaintiff has available post-deprivation remedies through the state courts, his claim based on the alleged taking of his personal property during booking, is legally frivolous under *Hudson*. See *Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) ("In Texas, when an inmate's property is taken without compensation, his remedy is in state court, not federal court.").

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly establish a lack of federal question jurisdiction relating to the pending criminal proceeding. In addition, it is clear based on the facts alleged by Plaintiff that his loss of property claim is fatally deficient. Thus, granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims seeking to enjoin his pending state criminal case and requesting the return of the property seized at the time of his

arrest be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, FED. R. CIV. P. 12(h)(3), and that Plaintiff's loss of property claim be **DISMISSED WITH PREJUDICE** as legally frivolous for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B).

    **SIGNED** April 30, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

    A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE